These four causes were tried together by the same jury, *3 by consent. They were severally brought to recover 3057b .4s. 3d. in the defendant’s hands as marshal of the admiralty, arising from the sales of the ship Emperor of Germany and brig Catharine, libelled in that court for seamen’s wages.
The chief question that arose, was, whether Morgan’s executors had a lien on the ship and three-fourths of the brig, in consequence of an instrument of writing, in the nature of a bottomree-bond, or mortgage, made by James Oellers, the owner, to Dr. John Morgan. The facts were these. — On the 24th August 1784, Oellers mortgaged the ship then in Virginia, to Morgan, to secure him against certain bills of exchange drawn by him to the amount of 1800I. sterling, to be paid within 15 days after the return of the ship and notice of the bills being protested. Morgan owned one-fourth of the brig, and she then being in the port of Philadelphia was mortgaged by Oellers to him on the *3ist August 1784, -* to secure him against 2090b sterling for other bills on the same terms. Both vessels were bound to Ostend in Flanders, and the bills were drawn to enable Oellers to lay in cargoes of tobacco for the voyages, &c. The brig reached Ostend safely. The ship put into the port of Philadelphia in distress on 19th September 1784, and sailed again for Ostend on the 19th October. Oellers insured both vessels, and put the policies of insurance into Morgan’s hands, which were assigned to him by the aforesaid instruments of writing. Oellers built both vessels, but had not received a grand bill of sale from the carpenters. At the time of the mortgage of the brig, he put a bill of sale of a captain Glover to him, for one-half of her, into Morgan’s hands also. The brig arrived from Ostend at Philadelphia, on the 13th April 1785, and on the 28th May following was attached by process out of the admiralty for seamen’s wages. On Sunday the 29th May, the ship also arrived and brought intelligence of part of the bills being protested. On the 1st June, she hauled into the wharf, and the same day she, together with the brig, was taken in execution at the suit of Thomas Betagh on a judgment entered up against Oellers for 8000b
After a very full argument, the court unanimously gave it in charge to the jury, that the instruments of mortgage created a lien on the ship and three-fourths of the brig in favor of Morgan, provided the same were made bona fide. It is settled in the books, that a bill of sale may be made of a ship either at sea or in port, and the same will be valid in law, provided the vendee reduces her into possession as soon as he conveniently can. It is no where laid down, that on a sale of a vessel at sea she must be reduced into possession immediately on her coming into port; though two of the cases cited, state that it must be done before she proceeds on another voyage. Courts of justice take notice of this particular species of *4 property, and it has been. found convenient to the interests of trade and commerce, that particular rules should be laid down for the governing of the transfers of ships. In the present instance there was no grand bill of sale, but at the time of the mortgage, all the muniments were delivered to Morgan; Glover’s bill of sale, the bills of lading, and policies of insurance. Morgan could not have taken possession earlier. After the voyages were determined on, the bills of lading signed and the policies of insurance completed, had he taken possession, he would have broke up the voyage, discharged the underwriters, injured every person concerned, and defeated the very object for which the bills were drawn. He cotrld not have discharged the captain. Besides under the *express terms of the stipulation, he was not to re- receive possession until 15 days after the return of the L ship and brig, and notice of the bills being protested.
Cited in 5 S. & R. 284, and 30 Pa. 542, to illustrate the manner in which the title to a ship is transferred from one person to another.
The jury, without leaving the bar, found a verdict for Morgan’s executors for the full sum in the marshal’s hands, and for the defendant in the other three suits.
The following cases were cited by Messrs. Rawle and Ingersol of counsel with Morgan’s executors.
Cooke’s Bankrupt Law, 238, 231. 1 Burr. 474. 3 Co. 83. Moor. 638. 2 Term Rep. 462, 465, 376. 1 Atky. 154. 2 Vez. 272. Cowp. 432, 434. 2 Blackst. Com. 384, 398. 3 Term Rep. 618, 621, 117. 1 Equ. Cas. Abr. 358. 2 Equ. Cas. Abr. 482, 684. 1 Ld. Raimes, 122.
By Messrs. Lewis and Sergeant, of counsel with Thomas Betagh: 2 Bac. Abr. 602, 604. Prec. in Cha. 285. Cooke’s Bkt. Law, 65, 67, 228, 230, 231. Bull. Nisi Prius. 262. 2 Term Rep. 587, 594, 595. 1 Atky. 165, 173, 177, 178, 168. 1 Burr. 468, 474, 396. Lex Mercatoria 118, 41. 6 Co. 72.b 2 Blackst. Com. 458. 2 Bulst. 218. 1 Equ. Cas. Abr. 394. 321. 1 Wms. 394. 3 Wms. 280. 2 Burr. 940, 941, 942. Wesket 59.
By Messrs. Wilcocks and Bradford, of counsel with Peter Whitesides and Robert Morris: 1 Vez. 348, 359. 1 Atky. 169. 2 Burr. 941. 2 Term Rep. 464. 1 Burr. 483. 2 Bac. 607. Cowp. 712. 13 Vin. 527. 1 Burr. 475. Cowp. 600. 1 Atky. 8, 162. 10 Mod. 35. Cro. Jac. 92. Sheph. Touchst. 84. Plowd. 160. Bulst. 252. 2 Brownl. 388.